UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOEL IRWING WILSON,

    Petitioner,

v.                                                                                        Case No. 2:18-CV-79

KATHLEEN OLSON,                                                    HON. GORDON J. QUIST

    Warden.
_____/

### ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND DENYING PETITIONER'S HABEAS PETITION

The Court has a habeas corpus petition filed by Joel Irwing Wilson pursuant to 28 U.S.C. § 2254. The matter was referred to U.S. Magistrate Judge Maarten Vermaat, who issued a Report and Recommendation (R & R), recommending that the Court deny Wilson's petition, deny a certificate of appealability, and not certify that an appeal would not be taken in good faith. (ECF No. 10.) Wilson filed an objection to the R & R. (ECF No. 11.) Upon receiving objections to an R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted in part. The outcome, however, remains the same—Wilson's habeas petition is denied.

**OBJECTION: EXTRADITION AND DUE PROCESS**

Wilson makes one objection to the R & R. He argues that the magistrate judge's "determination that [Wilson] was not denied due process of law when he was forced to stand trial for charges that were unlawfully amended subsequent to his extradition." (ECF No. 11 at PageID.821.) As the magistrate judge stated, "[t]he crux of [Wilson's] argument is that the 'offense' for which he was extradited was not the offense for which he was tried." (ECF No. 10 at PageID.816.)

In rejecting this claim, the magistrate judge relied on *United States v. Rauscher*, 119 U.S. 407, 7 S. Ct. 234 (1886). Rauscher was extradited from Great Britain to the United States so that he could stand trial for murder. *Id.* at 409, 7 S. Ct. at 235. When he arrived in the United States, Rauscher was indicted for "cruel and unusual punishment," not murder. *Id.* The offense of "cruel and unusual punishment" was not an extraditable offense. *Id.* at 432, 7 S. Ct. at 247. The Supreme Court held that Rauscher could not be punished for "cruel and unusual punishment" because "a person who has been brought within the jurisdiction of the court, by virtue of proceedings under an extradition treaty, can only be tried for one of the offenses described in that treaty, and for the offense with which he is charged in the proceedings for his extradition . . . ." *Id.* at 430, 7 S. Ct. at 246.

Applying *Rauscher* to the facts in the instant case, the magistrate judge found that the "critical distinction" was that after Rauscher was extradited, he was charged with a non-extraditable offense. Wilson, however, "d[id] not contend that the offense described in the Saginaw County complaint are not subject to extradition under the treaty." (ECF No. 10 at PageID.818.) The Court disagrees with this analysis. The *Rauscher* Court made clear that the extradited person "can only be tried for one of the offenses described in that treaty, *and for the offense with which*

2

*he is charged in the proceedings for his extradition . . . ." Id.* at 460, 7 S. Ct. 246; *see also id*. at 424, 7 S. Ct. at 243 ("That right, as we understand it, is that he shall be tried only for the offense with which he is charged in the extradition proceedings, and for which he was delivered up[.]"). The Sixth Circuit has also confirmed that "the principle of specialty 'requires that the requesting country not prosecute for crimes . . . for which an extradition was not granted.'" *United States v. Garrido-Santana*, 360 F.3d 565 (6th Cir. 2004) (quoting *Demjanjuk v. Petrovsky*, 776 F.2d 571, 583 (6th Cir. 1985), vacated on other grounds, 10 F.3d 338 (6th Cir. 1993)).

Therefore, the question is whether Wilson was charged with different offenses than the offenses listed in the extradition petition. Here, Wilson was extradited from Germany based on a complaint that alleged criminal conduct in Bay County, Michigan. After Wilson arrived in the United States, the prosecutor dismissed some of the charges in Bay County because the venue was improper. The charges were then refiled in Saginaw County with a minor alteration to the complaining witnesses.

The Michigan Court of Appeals held that the charges refiled in Saginaw County did not violate the doctrine of specialty:

> Article 22 provides in pertinent part as follows:
>
> > (1) A who person has been extradited under this Treaty shall not be proceeded against, sentenced or detained with a view to carrying out a sentence or detention order for any offense committed prior to his surrender other than that for which he was extradited, nor shall he be for any other reason restricted in his personal freedom, except in the following cases:
> >
> > (a) When the State which extradited him consents thereto. . . .
> >
> > (b) When such person, having had the opportunity to leave the territory of the State to which he has been surrendered, has not done so within 45 days of his final discharge or has returned to that territory after leaving it. . . .
>
> * * *

3

> (3) If the offense for which the person sought was extradited is legally altered in the course of proceedings, he shall be prosecuted or sentenced provided the offense under its legal description is:
>
>> (a) Based on the same set of facts contained in the extradition request and its supporting documents; and
>>
>> (b) Punishable by the same maximum penalty as, or a lesser maximum penalty than, the offense for which he was extradited.

"The Rule of Specialty, a treaty-law doctrine, holds that a nation seeking return of a person under the terms of an extradition treaty may prosecute the extradited person only to the extent expressly authorized by the surrendering nation in the grant of extradition." *United States v Stokes*, 726 F3d 880, 887-888 (CA 7, 2013). Accordingly, the rule "'requires that the requesting country not prosecute for crimes. . . for which an extradition was not granted.'" *United States v Garrido-Santana*, 360 F3d 565, 577 (CA 6, 2004), quoting *Demjanjuk v Petrovsky*, 776 F2d 571, 583 (CA 6, 1985).

"The doctrine of specialty is designed to prevent prosecution for an offense for which the person would not have been extradited or to prevent punishment in excess of what the requested state had reason to believe was contemplated." Restatement (Third) of Foreign Relations Law of the United States, § 477, comment b, p 579. "What the doctrine of specialty requires is that the prosecution be 'based on the same facts as those set forth in the request for extradition.'" *United States v Sensi*, 879 F2d 888, 895(DDC, 1989), quoting Restatement, § 477, comment a, p 579.

> [T]he inquiry into specialty boils down to whether, under the totality of the circumstances, the court in the requesting state reasonably believes that prosecuting the defendant on particular charges contradicts the surrendering state's manifested intentions, or, phrased another way, whether the surrendering state would deem the conduct for which the requesting state actually prosecutes the defendant as interconnected with (as opposed to independent from) the acts for which he was extradited. [*United States v Saccoccia*, 58 F3d 754, 767 (CA 1, 1995).]

Defendant does not assert that additional charges were brought against him or that the offenses for which he was extradited substantively changed. Rather, he argues that the change of venue and amendment as to the complaining witnesses amounted to "a substantial change that results in the broadening of the charges." Defendant presents no authority supporting his claim that a change of venue violates the rule. *See Mitcham*, 355 Mich at 203 ("It is not enough for an appellant in his brief simply to announce a position" and leave it up to the appellate court to "search for authority either to sustain or reject his position."). Regardless, an intra-state change in venue for three of the offenses for which defendant was extradited does not offend the

> rule's goal of preventing an extradited defendant from being charged or punished in a way unanticipated by the state granting extradition. See Restatement, § 477, comment b, p 579.
>
> As for the complaining witnesses, defendant asserts that he "was extradited from Germany under a complaint that alleged that the victims or complaining witnesses against her(sic)were Robert Wachowski, Vicki Brandel [a/k/a Tedrow], and David Charlesbois in Bay County, Michigan." He argues that when plaintiff realized it "could not prove [he] committed . . . a crime against Mr. Wachoski," plaintiff "amended the complaint changing Mr. Wachoski to Ms. Buehl, who never testified in this case . . . ." Although the original complaint filed in Saginaw County District Court alleged crimes against Wachowski, Buehl, Tedrow, and Charlesbois, that charge was voluntarily dismissed. Further, the information was ultimately amended to contain only allegations pertaining to Tedrow. Thus, defendant does not establish the factual predicate to his argument—he was not prosecuted for conduct relating to Buehl.
>
> In sum, the prosecution of three of the extradited offenses in a different venue did not violate Article 22. No additional offenses were brought against defendant and he was not prosecuted for crimes against an unforeseen complainant.

(Mich. Ct. App. Op., ECF 6-11, PageID.260-262) (footnotes omitted).

The Michigan Court of Appeals decision was not contrary to, nor did it involve an unreasonable application of, "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). It is not clearly established that an intra-state change in venue for some of the charges in an extradition petition violates the doctrine of specialty. Furthermore, it is not clearly established that the charges in the extradition petition must mirror the charges word-for-word in the charging document. At least one federal circuit court has found that the doctrine of specialty is not violated when a superseding indictment does not materially alter the substance of the offense for which the defendant is extradited. *United States v. Puentes*, 50 F.3d 1567, 1576 (11th Cir. 1995) (holding that adding additional defendants and extending the conspiratorial period for three years did not materially alter the substance of the offense). As the Michigan Court of Appeals correctly noted, "[n]o additional offenses were brought against defendant and he was not prosecuted for crimes against an unforeseen complainant." This decision

5

was not "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2)

### CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Wilson has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000); *Murphy*, 263 F.3d at 467. Therefore, the Court has considered Wilson's claim, including his objection, under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's denial of Wilson's claim was debatable or wrong. Thus, the Court will deny Wilson a certificate of appealability.

### CONCLUSION

Having reviewed Wilson's objection and finding no basis for habeas relief,

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 10) is adopted in part with the modifications noted above.

**IT IS FURTHER ORDERED** that Wilson's habeas corpus petition (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that Wilson is **DENIED** a certificate of appealability.

A separate judgment will enter.

This case is **concluded**.

Dated: November 9, 2020                             /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE